IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01220-RPM

CAROL S. JACOBSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER OF REVERSAL AND FOR REMAND
_____

    Upon review of the administrative record, the filed briefs and the oral argument heard on January 23, 2008, the decision of the Administrative Law Judge ("ALJ") denying Carol S. Jacobson's application for disability insurance benefits and supplemental security income payments on the finding that she can perform past relevant work as "mail clerk or sorter" as she actually performed that work was within her residual functional capacity is not supported by substantial evidence and must be reversed. The ALJ found that the claimant had impairments of reading disorder, specific phobia and gender identity disorder as severe impairments that were medically determinable. The ALJ also found that the claimant's subjective complaints and alleged limitations are "not fully persuasive."

    The flaw in the analysis in this case is that the ALJ stopped at Step 4 of the sequential evaluation based on his determination of the ability to perform past relevant

work without specifically recognizing the plaintiff's work history and failed to credit her testimony that she would be unable to perform that work given the technological advancements since she worked at Health and Human Services, the Environmental Protection Agency, and Bayon. Those technological advances appear to be computerized functions and the ALJ made no effort to consider the effects of dyslexia on this claimant's ability to do the work. The ALJ also failed to give adequate consideration to the history of depression and the claimant's testimony concerning her depression.

In the ALJ's interaction with the Vocational Expert ("VE") at the hearing, there was no specificity given with respect to how the prior employment positions were actually performed and, notably, the VE in response to the ALJ's hypothetical questions concerning depression, testified that if the depression resulted in missing work on an unpredictable basis for about two hours every other day, she would not be employable. There is support in the record for that level of the effects of depression.

The plaintiff's treating psychologist referred to an ability to perform menial tasks but that does not equate with the performance of the past relevant work. It may indicate a residual functional capacity in Step 5 of the evaluation but that was not the basis for the denial in this case.

Significantly, when Ms. Jacobson received notice of denial of her application in July, 2006, she was admitted to the Exemplar Lutheran Hospital emergency room for an overdose of Benadryl pills in an apparent suicide attempt. At that time, her GAF was at Level 15 and she apparently had an acute episode of depression. While this is

after the denial, it constitutes new evidence that would appear to be relevant to the degree of impairment she has been suffering during the relevant time period. Therefore, upon remand, the new evaluation of this claimant's application should include a full exploration of the significance of this acute episode.

Upon the foregoing, it is

ORDERED that the denial decision is reversed and this matter is remanded to the Commissioner for a new evaluation, which should include a medical review of the new evidence submitted with the plaintiff's brief and a new evaluation by a psychiatrist.

DATED: January 24th, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge