IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01220-RPM

CAROL S. JACOBSON,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

_____

## ORDER FOR ALLOWANCE OF ATTORNEY'S FEES
_____

The plaintiff filed an amended application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, seeking the fee of $16,924.61 for the services of her attorney and costs of $527.93. The defendant filed a response, objecting to the amended application on the ground that it was untimely and also asserting that no fee should be recovered because the defendant's position was substantially justified. The defendant also objects to the amount of the fee requested as unreasonable.

The record reflects that while the amended application was filed on April 25, 2008, by a facsimile transmission and was entered into the court's ECF system on May 1, 2008, the plaintiff's counsel actually attempted to file her application electronically on April 24, 2008, but was unable to accomplish the electronic filing. She submitted the application by facsimile pursuant to the suggestion of the Court's staff and under these circumstances the filing is timely.

The Commissioner's position in this matter was not substantially justified. As reflected in this Court's Order of Reversal and for Remand, entered January 24, 2008, the ALJ improperly stopped his analysis at Step 4 of the sequential evaluation based on his determination of the ability to perform past relevant work which failed to recognize the plaintiff's actual work history and the change in the job of a mail clerk or sorter since the time that the plaintiff last did such work. It is correct, as the defendant has noted, that this Court included information that was submitted directly to the Court which was not available to the ALJ or the Appeals Council in making this Court's determination. However, that additional information simply confirmed and reinforced the evidence concerning depression which the Vocational Expert had considered. That evidence was sufficient to warrant a determination that she would be missing work on an unpredictable basis and would not therefore be employable.

The fee requested is larger than a reasonable fee for the services performed as identified in the submission of the time records of plaintiff's counsel. The hourly rate is conceded by the defendant as appropriate but the number of hours spent in research and briefing is excessive. There were unusual aspects to this case given the plaintiff's history and diagnosis. In this Court's opinion, a fee of $8,500.00 is reasonable for the representation of the plaintiff in this unusual case. The costs requested include postage fees which are not recoverable. Plaintiff is awarded $510.88 costs, including the filing fee.

DATED: August 4th, 2008

BY THE COURT:
s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge